**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EXAMWORKS, LLC,

                Plaintiff-Appellee,

  v.

TODD BALDINI; ABYGAIL BIRD;
LAWRENCE STUART GIRARD;
PAMELLA TEJADA,

            Defendants-Appellants.

No.   20-16125

D.C. No.
2:20-cv-00920-KJM-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted November 16, 2020[**]
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

    In this trade-secret misappropriation case, the defendants—former employees of plaintiff ExamWorks, LLC—challenge a portion of the district court's preliminary injunction limiting defendants' ability to conduct business with ExamWorks customers. Like the parties, we refer to this portion of the preliminary

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

injunction as the "conducting business" provision.  We have jurisdiction under 28 U.S.C. § 1292(a)(1).  We vacate the "conducting business" provision and remand for further proceedings consistent with this decision.

The "conducting business" provision states that:

> Defendants are hereby enjoined from conducting business with any individual or entity that did business with ExamWorks before defendants stopped working there to the extent those individuals or entities are identified in the bundle of trade secret materials misappropriated by defendants, including, without limitation, curated lists identifying ExamWorks' clients, medical providers, and doctors; provided however that defendants are not precluded from lawfully announcing their new employment as long as any announcement does not make use of plaintiff's trade secrets.

Defendants contend this provision is too broad because it prevents them from soliciting tens of thousands of publicly identifiable customers, even when defendants have not solicited these customers using ExamWorks trade secrets.

The district court entered its preliminary injunction under California's Uniform Trade Secrets Act (UTSA), Cal. Civ. Code §§ 3426–3426.11, and the analogous federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836.  The parties have identified no relevant difference in California or federal law, and we thus evaluate the "conducting business" provision under California law.  Under California law, "[a]ctual or threatened" trade secret misappropriation may be enjoined.  Cal. Civ. Code § 3426.2(a); *see also* 18 U.S.C. § 1836(b)(3)(A)(i).  In addition, "the injunction may be continued even after the trade secret has been

2

lawfully disclosed 'in order to eliminate commercial advantage that otherwise would be derived from the misappropriation.'" *Morlife, Inc. v. Perry*, 66 Cal. Rptr. 2d 731, 740 (Ct. App. 1997) (quoting Cal. Civ. Code § 3426.2(a)).

At oral argument in this appeal, defendants did not contest that the district court could preliminarily enjoin them from conducting business with those ExamWorks customers they solicited using ExamWorks's misappropriated trade secrets. *See Morlife*, 66 Cal. Rptr. 2d at 739–40. The district court found that the defendants had used ExamWorks's trade-secret information to solicit at least some ExamWorks customers. That finding is not clearly erroneous.

However, the district court did not determine how many—or which—customers the defendants improperly solicited using ExamWorks's trade secrets. And the "conducting business" provision prevents defendants from conducting business with any ExamWorks customer identified in the misappropriated trade-secret information, even if defendants did not directly or indirectly use the trade-secret information to solicit that customer. The district court's findings do not justify an injunction of that breadth, which prevents defendants from engaging in lawful business.

In determining the proper scope of an injunction, California law requires consideration of the employer's interest in protecting its trade secrets and the former employees' interest in working and competing in their chosen field. *Ret. Grp. v.*

3

*Galante*, 98 Cal. Rptr. 3d 585, 592–93 (Ct. App. 2009).  In determining this balance, "it is not the *solicitation* of the former employer's customers, but is instead the *misuse of trade secret information*, that may be enjoined."  *Id.* at 593.  In addition, "although an individual may violate the UTSA by using a former employer's confidential client list to *solicit* clients, the UTSA does not forbid an individual from announcing a change of employment, even to clients on a protected trade secret client list."  *Reeves v. Hanlon*, 95 P.3d 513, 522 (Cal. 2004).

Defendants maintain, and ExamWorks does not dispute, that defendants can identify numerous potential customers through publicly available sources, such as online directories.  While these customers may also be among ExamWorks's thousands of customers, there is not a sufficient basis for enjoining defendants from conducting business with ExamWorks customers they have not solicited using the misappropriated trade secrets.  *See Galante*, 98 Cal. Rptr. 3d at 593–96.  To that extent, the district court's preliminary injunction "preclude[s] the precise type of competition . . . [that] is otherwise permissible."  *Id.* at 594; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009) (injunctive relief must "be tailored to remedy the specific harm alleged" (quotations omitted)).  *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993), upon which ExamWorks relies, does not support the "conducting business" provision as it did not address the propriety of enjoining a trade-secret defendant from doing business with any

4

customer on a misappropriated trade-secret list.

We appreciate that the district court was handling a fast-moving preliminary injunction proceeding and note that the defendants on appeal challenge only one portion of the preliminary injunction. The other portions of the preliminary injunction remain in effect. This includes the requirement that defendants are enjoined "from acquiring, accessing, disclosing, or using" ExamWorks's trade secrets, which on its own prohibits defendants from using ExamWorks's trade-secret compilations to solicit ExamWorks's customers. *See Galante*, 98 Cal. Rptr. 3d at 594.

For the foregoing reasons, we vacate the preliminary injunction's "conducting business" provision. On remand, the district court retains discretion, consistent with this decision, to modify the preliminary injunction to ensure the protection of ExamWorks's trade secrets. The parties shall bear their own costs on appeal.[1]

**VACATED AND REMANDED.**

---

[1] We note that defendant-appellant Tejada has settled and informed the Court that she has withdrawn her appeal. ECF No. 53. We construe that as a motion to dismiss the appeal as to Tejada, and grant that request. We are also informed, per ExamWorks's November 13, 2020, letter to the Court, ECF No. 52, that defendant-appellant Bird has reached an agreement in principle with ExamWorks, under which Bird will withdraw her appeal. However, Bird has yet to file such a request. In all events, defendants' arguments that Bird should not have been included in the preliminary injunction lack merit and we reject them.